

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

OCT 23 2007

CLERK, U.S. DISTRICT COURT
By _____
Deputy

16601

| | |
|---|---|
| JOMAR OIL LLC, a Connecticut limited liability company, | ] ] ] |
| Plaintiff, | ] ] |
| vs. | ] Case No. _____ ] |
| ENERGYTEC, INC., a Nevada corporation, FRANK W COLE an individual and d/b/a as FRANK W COLE ENGINEERING, DON LAMBERT, DOROTHEA KREMPEIN, PAUL WILLINGHAM, ERIC BREWSTER, BEN T. BENEDUM, B. CHARLES SPRADLIN, and MASSOUD METGHALCHI, | ] **3-07CV1782-L** ] ] ] ] ] ] ] |
| Defendants. | ] ] |

## **COMPLAINT**

COMES NOW Jomar Oil LLC, a Connecticut limited liability company (the "Plaintiff" or "Jomar"), and for its causes of action against the Defendants, Energytec, Inc., a Nevada corporation ("Defendant Energytec"), Frank W Cole ("Defendant Cole"), individually and doing business as Frank W Cole Engineering ("Defendant Cole Engineering"), Don Lambert ("Defendant Lambert"), Dorothea Krempein ("Defendant Krempein"), Paul Willingham ("Defendant Willingham"), Eric Brewster ("Defendant Brewster"), Ben T. Benedum ("Defendant Benedum"), B. Charles Spradlin ("Defendant Spradlin"), and Massoud Metghalchi ("Defendant Metghalchi") [hereinafter collectively referred to as the "Defendants"], alleges and states as follows:

## JURISDICTION AND VENUE

The Plaintiff's claims for relief are based on statutory laws and common law, as hereinafter more fully described.

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332. The citizenship of the Plaintiff is completely diverse from the citizenship of all of the Defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. This Court also has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331. The Plaintiff is alleging violations of the Securities Exchange Act of 1934, as amended.

3. This Court has supplemental jurisdiction over all of the Plaintiff's allegations made pursuant to the statutory laws and the common law of the State of Connecticut pursuant to 28 U.S.C. §1367. Each of the Plaintiff's allegations under Connecticut law are so related to the Plaintiff's allegations made within this Court's original jurisdiction pursuant to 28 U.S.C. § 1331 and §1332, that such allegations form part of the Plaintiff's same case and controversy. The laws of the State of Connecticut have the most significant relationship to this matter, and not the laws of the State of Texas, because the Defendants violated specific provisions of the Connecticut Uniform Securities Act which is intended to protect the Connecticut citizen Plaintiff from the securities law violations committed upon the Plaintiff, and whereby the laws of the State of Texas may fail to protect, and may have no interest in, the welfare of the Plaintiff.

4. Venue of the United States District Court for the Northern District of Texas is proper pursuant to 28 U.S.C. §1391(b) because certain Defendants reside, or resided, in this district at the time that the allegations arose, and certain acts necessary to effectuate the violations which are claimed in this Complaint arose in this district.

## PARTIES

5.  Plaintiff Jomar is a Connecticut limited liability company with its principal place of business located at 109 Fenwood Drive, Old Saybrook, CT 06475. Plaintiff Jomar has a single member, who is a Connecticut resident with her address located at 109 Fenwood Drive, Old Saybrook, CT 06475. Plaintiff Jomar's single member was a 77 year old retired individual at the time of the filing of this Complaint, was not an "accredited investor" pursuant to the Securities Act of 1933, as amended, and Rule 501(a) of Regulation D promulgated thereunder; and who had no prior knowledge of, or experience in, the oil and gas industry or in oil and gas investments.

6.  Defendant Energytec is a Nevada corporation with its principal place of business located, at the time of the Plaintiff's investments, at 14785 Preston Road, Suite 550, Dallas, TX 75254. Defendant Energytec is also herein referred to as the "Corporate Defendant."

7.  Defendant Cole Engineering was, upon information and belief, at the time of the Plaintiff's investment, located in Dallas, Texas. Upon information and belief, Defendant Cole, an individual, was the owner of, and conducted business as, Frank W Cole Engineering ("Defendant Cole Engineering"). Defendant Cole Engineering prepared engineering and evaluation reports of the oil and gas leases and oil wells owned and operated by the Defendants, including the engineering and evaluation reports of the leases and oil well interests purchased by the Plaintiff, and which report was also utilized by the Defendants as part of their promotional and sales material.

8.  Defendant Cole was, at the time of the Plaintiff's investments, the Chairman of the Board of Directors, Chief Executive Officer and Chief Financial Officer of Defendant Energytec, and was a Texas resident with his residence located at 6130 Spring Valley, Dallas, TX 75254. Defendant Cole Engineering was also, at the time of the Plaintiff's investment, upon information and belief, the

3

owner and operator of Defendant Cole Engineering located in Dallas, Texas. Defendant Cole and Defendant Cole Engineering are also collectively referred to herein as the "Defendant Cole."

9. Defendant Lambert, at the time of the Plaintiff's investments, was President and Chief Operating Officer of Defendant Energytec, and upon information and belief was a Texas resident residing at 14719 FM 986, Terrell, Texas 75160, with a United States Securities and Exchange Commission listed address of 14785 Preston Road, Suite 550, Dallas, TX 75254.

10. Defendant Krempein, at the time of the Plaintiff's investments, was Vice President-Finance and Chief Accounting Officer of Defendant Energytec, and upon information and belief, was a Texas resident residing at 5849 Pebblestone Lane, Plano, Collin County, Texas 75093, with a United States Securities and Exchange Commission listed address of 14785 Preston Road, Suite 550, Dallas, TX 75254.

11. Defendant Willingham, at the time of the Plaintiff's investments, was Vice President-Controller of Defendant Energytec and upon information and belief was, at the time of the Plaintiff's investments, a Texas resident residing at 1170 Sorrenco Drive, Frisco, TX 75035, with a United States Securities and Exchange Commission listed address of 14785 Preston Road, Suite 550, Dallas, TX 75254.

12. Defendant Brewster, at the time of the Plaintiff's investments, was a Director and Secretary of Defendant Energytec, and upon information and belief, was a Texas resident with his residence at 217 Santa Fe Trail, Waxahachie, Texas 75165.

13. Defendant Benedum, at the time of the Plaintiff's investments, was a Director of Defendant Energytec, and upon information and belief, was an Oklahoma resident with a United States Securities and Exchange Commission listed address of First Fidelity Bank Building, Suite

200, 131 East Main Street, Norman, Oklahoma 73069.

14.    Defendant Spradlin, at the time of the Plaintiff's investments, was a Director of Defendant Energytec, and based upon information and belief, was a Texas resident with his residence located at 301 E. Main Street, Kilgore, Texas 75662.

15.    Defendant Metghalchi, at the time of the Plaintiff's investments, was a Director of Defendant Energytec, and based upon information and belief, was a Texas resident with his residence located at 22 Sugar Berry Circle, Houston, Texas 77024. Defendants Metghalchi, Cole, Lambert, Krempein, Willingham, Brewster, Benedum, and Spradlin are collectively referred to herein as the "Officer and Director Defendants."

## GENERAL ALLEGATIONS

16. The Plaintiff hereby incorporates by reference paragraphs 1 through 15 of the Complaint and further states that the Defendants have been operating a scheme to defraud investors involving the offer and sale of unregistered securities, through unregistered broker-dealers, using the interstate mails and other means of interstate commerce in violation of federal and state securities laws. In furtherance of their scheme, and to aid in inducing the Plaintiff to invest, the Defendants made oral and written false, misleading, and fraudulent statements to the Plaintiff in violation of federal and state securities laws and state common law, filed false reports with the United States Securities and Exchange Commission, fraudulently concealed their actions from the Plaintiff, unlawfully converted the Plaintiff's investment funds, and breached their contract with the Plaintiff.

17.    In November 2005, the Corporate Defendant, Defendant Cole, and the Officer and Director Defendants, either directly or through their agents, approached the Plaintiff and offered an investment opportunity whereby the Plaintiff was offered the opportunity to purchase working

interests in an oil investment scheme entitled "Income Program 225."

18. Income Program 225 allegedly consisted of certain working interests in oil and gas leases owned by the Corporate Defendant, named "Hoffman-Bankhead," and oil wells located on such property, numbered 230BD, 231BD, and 232BD, owned and operated by the Corporate Defendant in Titus County, Texas.

19. In connection with the offer to sell working interests in Income Program 225 to the Plaintiff, the Corporate Defendant, Defendant Cole, and the Officer and Director Defendants, either directly or indirectly through their agents, stated and represented to the Plaintiff:

     (a)     that the Plaintiff was being offered the opportunity to purchase "Units" in Defendant Energytec's Income Program 225, at $7,000 per Unit;

     (b)     that the Plaintiff's purchase of 16 Units for $112,000 would constitute the purchase of an undivided 4.5% working interest in the Hoffman-Bankhead leases, and the related three oil wells numbered 230BD, 231BD, and 232BD;

     (c)     that upon receipt of the Plaintiff's investment funds, Defendant Energytec would prepare an Assignment of Oil and Gas Lease for the Plaintiff in the Income Program 225 wells (the "Assignment"), and that Defendant Energytec would record such Assignment with the appropriate county clerk;

     (d)     that the Hoffman-Bankhead wells numbered 230BD, 231BD, and 232BD should produce similar amounts of oil as near and adjoining properties' wells which had purportedly produced over 225,000 barrels of oil;

     (d)     that the Plaintiff's 4.5% working interests in the three oil wells would return a combined projected net operating income of $3,240 per month; and

(e)    that checks would be issued to the Plaintiff beginning in mid-May 2006.

20.    Based on the representations and statements made by the Corporate Defendant, Defendant Cole, and the Officer and Director Defendants, either directly or through their agents, the Plaintiff purchased 16 Units of Income Program 225 by entering into a contract titled "Purchase Agreement" in December 2005, and the Plaintiff made payments of $47,500 on December 8, 2005 and $64,500 on January 11, 2006 to Defendant Energytec; thereby fulfilling the Plaintiff's payment obligations under the Purchase Agreement.

21.    By executing the Purchase Agreement contract between the Plaintiff and the Corporate Defendant, the Plaintiff purchased a "security," as defined in the Connecticut Uniform Securities Act, the Securities Act of 1933, as amended, and the Securities Exchange Act of 1934, and by investing money, with other investors, with the expectation of receiving profits based solely on the efforts of the Corporate Defendant and the Officer and Director Defendants regarding the Hoffman-Bankhead wells of Income Program 225.

22.    Contrary to the Corporate Defendant's, Defendant Cole's, and the Officer and Director Defendants' representations and statements to the Plaintiff, and contrary to the terms of the Purchase Agreement, the Plaintiff did not begin to receive payments based on its working interests in Income Program 225 beginning in May 2006.  Instead, the Plaintiffs began to receive written material from the Corporate Defendant and the Officer and Director Defendants, or their agents, containing representations and statements which concealed the Defendants' fraudulent activities from the Plaintiff and lulled the Plaintiff into believing that, although no returns on investment were being paid, its investment was secure and that the Plaintiff would eventually receive either the promised returns on its investment as previously represented by the Corporate Defendant, Defendant Cole, and

7

the Officer and Director Defendants, or that the Plaintiff would receive a refund of its investment, the amount of which was to be determined by Defendant Energytec after the year end 2006, and which would be calculated according to the Corporate Defendant's "final rescission/refund plan." In the months subsequent to the year end 2006, when the final rescission/refund plan failed to provide any rescission or refund, it became apparent to the Plaintiff that the Defendants had defrauded the Plaintiff and had violated federal and state securities laws and other laws.

23. On information and belief, the Plaintiff alleges that the material misrepresentations and false statements made by the Corporate Defendant, Defendant Cole, and the Officer and Director Defendants were known by them to be false, misleading, and incorrect and were stated to the Plaintiff in order to induce the Plaintiff to enter into the Income Program 225 investments, and to pay the amounts represented in the Purchase Agreement. Specifically, the Plaintiff alleges that the Corporate Defendant, Defendant Cole, and the Officer and Director Defendants, either directly or through their agents, made the following false statements:

    (a)    that the Corporate Defendant and Officer and Director Defendants, after receipt of investment funds from the Plaintiff, would assign the contracted for working interests in the Hoffman-Bankhead oil and gas leases and oil wells of the Income Program 225 to the Plaintiff;

    (b)    that the Hoffman-Bankhead oil wells of the Income Program 225 were to be drilled and were to be producing oil wells;

    (c)    that the Hoffman-Bankhead wells numbered 230BD, 231BD, and 232BD should produce similar amounts of oil as the adjoining properties' wells which were represented to have purportedly produced over 225,000 barrels of oil;

(d)    that the Plaintiff's 4.5% working interests in the three oil wells would return a combined projected net operating income of approximately $3,240 per month;

(e)    that checks consisting of returns on the Plaintiff's investment in Income Program 225 would be issued to the Plaintiff beginning in May 2006;

(f)    that Plaintiff's investment funds would be used to purchase interests in the Hoffman-Bankhead wells or would be used as operational funds in the alleged Income Program 225; and

(g)    that the Corporate Defendant would refund the Plaintiff's investment funds under the terms of the Corporate Defendant's "final rescission/refund plan."

24.    The statements made by the Corporate Defendant, Defendant Cole, the Officer and Director Defendants, and their agents, as alleged in paragraph 23, were false for the following reasons:

(a)    contrary to representations made to the Plaintiff by the Corporate Defendant, Defendant Cole, and Officer and Director Defendants, the Corporate Defendant and Officer and Director Defendants did not assign the contracted for working interests in the Hoffman-Bankhead oil wells of the Income Program 225 to the Plaintiff;

(b)    contrary to representations made to the Plaintiff by the Corporate Defendant, Defendant Cole, and Officer and Director Defendants, the oil wells in which the Plaintiff was allegedly investing were not to be drilled and have not been drilled to date;

(c)    contrary to representations made to the Plaintiff by the Corporate Defendant, Defendant Cole, and Officer and Director Defendants, the Hoffman-Bankhead wells

9

numbered 230BD, 231BD, and 232BD, if drilled and operated would not and did not produce similar amounts of oil as the adjoining properties which have allegedly, according to the Defendants and their agents, purportedly produced over 225,000 barrels of oil per well;

(d)     contrary to representations made to the Plaintiff by the Corporate Defendant, Defendant Cole, and Officer and Director Defendants, the Plaintiff's 4.5% working interests in the three oil wells did not return a combined projected net operating income of $3,240 per month, nor has the Plaintiff received any return on its investment or refund of its investment in any amount;

(e)     contrary to representations made to the Plaintiff by the Corporate Defendant, Defendant Cole, and Officer and Director Defendants, checks consisting of returns on the Plaintiff's investment in Income Program 225 were not issued to the Plaintiff beginning in May 2006, and no returns or refunds on the Plaintiff's investment have been received at all by check or any other method of payment;

(f)     contrary to representations made to the Plaintiff by the Corporate Defendant, Defendant Cole, and Officer and Director Defendants, the funds from Plaintiff's investments were not used to purchase working interests in the Hoffman-Bankhead wells, nor were such funds used as operational funds in the alleged Income Program 225. Upon information and belief, the Plaintiff's investment funds were converted for other uses or, if any such funds remain, are being controlled by, and held solely for the benefit of the Corporate Defendant and the Officer and Director Defendants to the hostile exclusion of the Plaintiff; and

(g)     contrary to representations made, and the materials and information sent, to the Plaintiff by the Corporate Defendant, Defendant Cole, and Officer and Director Defendants, the Corporate Defendant did not refund the Plaintiff's investment funds under the terms of the Corporate Defendant's "final rescission/refund plan," and upon information and belief, no such "final rescission/refund plan" was actually created or implemented by the Corporate Defendant as represented to the Plaintiff.

25.  The Corporate Defendant, Defendant Cole, and the Officer and Director Defendants, and their agents, made numerous misleading statements, and numerous omissions of material facts which were necessary in order to make the statements which the Defendants made not misleading to the Plaintiff, including, but not limited to, the following:

(a)     the Corporate Defendant, Defendant Cole, and the Officer and Director Defendants omitted to reveal to the Plaintiff that, upon information and belief, the Defendant Energytec was not going to assign any working interests in the oil wells which comprise the alleged Income Program 225 to the Plaintiff;

(b)     the Corporate Defendant, Defendant Cole, and the Officer and Director Defendants misled the Plaintiff by making verbal and written statements, including those in the Purchase Agreement, stating that the Plaintiff's investment funds would be used to purchase working interests in oil wells in Income Program 225.  The Corporate Defendant, Defendant Cole, and the Officer and Director Defendants omitted to reveal, and continue to omit to reveal, to the Plaintiff that the Plaintiff's investment funds were not to be used to purchase working interests in such wells or would not be used as operational funds in the alleged Income Program 225;

11

(c)    the Corporate Defendant, Defendant Cole, and the Officer and Director Defendants misled the Plaintiff by making verbal and written statements, including those in the Purchase Agreement and in a program evaluation report written by Defendant Cole and Defendant Cole Engineering and used as promotional material by the Corporate Defendant and the Officer and Director Defendants, to believe that the Hoffman-Bankhead oil wells were to be producing oil wells, which had the same high capacity of other nearby oil wells, and, that although the wells could produce far more, the wells would be restricted in their production in order to extend the production lifespan of the wells.

(d)    the Corporate Defendant, Defendant Cole, and the Officer and Director Defendants omitted to state, and continue to omit to reveal, that the oil wells in which the Plaintiff invested were either not drilled, never drilled, were not producing at all, or were not producing the amounts of oil and revenue that the Corporate Defendant, Defendant Cole, and the Officer and Director Defendants claimed that the wells would produce;

(e)    the Corporate Defendant and the Officer and Director Defendants misled the Plaintiff, and fraudulently concealed their wrongs committed upon the Plaintiff, by making verbal statements to the Plaintiff or to its agents, and in written materials mailed to the Plaintiff, including an August 31, 2006 letter describing the "final rescission/refund plan," and showing the Hoffman-Bankhead wells' status as "in process," that the Plaintiff's investment was secure and that either the Plaintiff would receive returns on its investment in accordance with the statements previously made

by the Corporate Defendant, Defendant Cole, and the Officer and Director Defendants, or that the Plaintiff would receive the promised return on its investment.

(f)  the Corporate Defendant and the Officer and Director Defendants misled the Plaintiff by establishing a scheme involving an interstate telephone hotline which was alleged by the Defendants to provide truthful and accurate information to the Plaintiff regarding its investment, yet contrarily provided inaccurate and false information regarding the status of the Income Program 225 oil wells and Plaintiff's investment, and which fraudulently concealed the Defendants' fraudulent acts committed upon the Plaintiff and lulled the Plaintiff into believing that its investment was secure and that the Plaintiff would receive the returns on its investment as promised by the Defendants or that the Plaintiff would receive a refund of investment funds;

(g)  the Corporate Defendant and the Officer and Director Defendants omitted to state, that, upon information and belief, such Defendants had, and have, no intention of returning or refunding the Plaintiff's investments;

(h)  the Corporate Defendant, Defendant Cole, and the Officer and Director Defendants omitted to state that the "Units" which the Plaintiff purchased were "securities" under federal securities laws and under the laws of the states of the Defendants' and the Plaintiff's residences, and were not registered with the Defendants' or the Plaintiff's state securities commission or with the United States Securities and Exchange Commission;

(i)  the Corporate Defendant, Defendant Cole, and the Officer and Director Defendants omitted to state that the Corporate Defendant, Defendant Cole, the Officer and

13

Director Defendants, and any agents used in the offer and sale of such unregistered securities, were not brokers registered to sell securities in the Plaintiff's or the Defendants' residence states, nor with the United States Securities and Exchange Commission, and that such agents were receiving commissions based on the sale of such securities;

(j)     the Corporate Defendant, Defendant Cole, and the Officer and Director Defendants omitted to state that agents of the Corporate Defendant, Defendant Cole, and the Officer and Director Defendants offering and selling such unregistered securities were not registered to sell securities pursuant to federal law or the state laws of the Defendants' or the Plaintiff's residences, and that such agents were selling such securities for compensation with the knowledge of, or under the control of, the Corporate Defendant and the Officer and Director Defendants;

(k)     the Corporate Defendant, Defendant Cole, and the Officer and Director Defendants omitted to state any of the material risks of an investment in their Income Program 225 or in the related Hoffman-Bankhead wells to be drilled by them;

(l)     the Corporate Defendant, Defendant Cole, the Officer and Director Defendants, and their agents failed to determine that the Plaintiff was not, and is not, an accredited investor pursuant to the Securities Act of 1933, as amended, as defined in Rule 501(a) of Regulation D promulgated thereunder; and

(m)     the Corporate Defendant, Defendant Cole, and the Officer and Director Defendants omitted to provide material information to the Plaintiff which is required to be disclosed to the Plaintiff by the Defendants and their agents pursuant to the laws of

14

the State of Connecticut and the Securities Act of 1933, as amended, and the Securities Exchange Act of 1934, as amended.

26.  Defendant Energytec has brought a civil action against Defendant Cole, Defendant Energytec's former executive secretary and bookkeeper, and various unnamed unregistered broker-dealers in the United States District Court for the Northern District of Texas, Dallas Division, *3:06-CV-0933-L, Energytec, Inc. v. Frank W. Cole and Josephine Jackson* (consolidated with *3:06-CV-0871-L, Energytec, Inc. v. Philip M. Proctor, et al.*).  In its Complaint in the aforementioned case, Defendant Energytec alleges against Defendant Cole, *inter alia,* violations of the federal securities laws, fraud, and conversion, and upon its information and belief, claims as factual statements the following:

(a)    that Defendant Cole, while acting as Chairman, Chief Executive Officer and Chief Financial Officer of Defendant Energytec, operated "a scheme to defraud investors, falsify records of Energytec, file false reports with federal and state agencies, and/or waste the corporate assets of Energytec";

(b)    that Defendant Cole, while acting as Chairman, Chief Executive Officer and Chief Financial Officer of Defendant Energytec, "retained numerous unlicensed individuals to act as brokers to solicit and sell working interests in oil and gas properties owned by [Defendant] Energytec and/or stock in Energytec to investors, and caused Energytec to pay undisclosed and illegal commissions to these unlicensed individuals" fees of over seven million dollars ($7,000,000) to such unregistered individuals, and such fees were kept hidden by falsifying corporate records and making false statements on documents filed with the United States Securities and

15

Exchange Commission to hide the same;

(c)    that Defendant Cole, while acting as Chairman, Chief Executive Officer and Chief Financial Officer of Defendant Energytec, made false statements on filings with the United States Securities and Exchange Administration relating to the "accredited investor" status of purchasers of working interests in oil wells when no such "accredited investor" status was in fact verified by Defendant Cole (the present Plaintiff is not an accredited investor as defined under the Securities Act of 1933, as amended, as defined in Rule 501(a) of Regulation D promulgated thereunder); and that Defendant Cole filed false reports with the United States Securities and Exchange Commission relating to the commissions paid to unregistered brokers for their participation in the offer and sale of its common stock and/or working interests in wells;

(d)    that Defendant Cole, while acting as Chairman, Chief Executive Officer and Chief Financial Officer of Defendant Energytec, purposefully or negligently created false oil well projections of the properties owned by Defendant Energytec and used such projections to secure investments in income programs such as the one in which the present Plaintiff invested;

(e)    that Defendant Cole, while acting as Chairman, Chief Executive Officer and Chief Financial Officer of Defendant Energytec, effectively ran a "ponzi" scheme with such income programs, fraudulently paying out advance returns to certain investors based on false oil production projections created by Defendant Cole, and "did not disclose to purchasers of the working interests that the excess payments received by them

16

would have to be recouped by Energytec out of the future production from the oil properties;"

(f) that Defendant Cole, while acting as Chairman, Chief Executive Officer and Chief Financial Officer of Defendant Energytec, improperly operated Defendant Energytec's properties causing regulatory and permit issues with the agency governing oil well production and operations in Texas, the Texas Railroad Commission, participated in the laundering and removal of restrictive stock legends in violation of the federal securities laws, improperly pledged oil and gas properties owned by Defendant Energytec and converted funds, and made numerous misrepresentations to the public in its public filings with the United States Securities and Exchange Commission.

27. Through the statements made in its Complaint in the above referenced Northern District of Texas civil action relating to the fiduciary breaches and fraudulent acts of its Chief Executive Officer, Defendant Energytec has effectively judicially admitted that, through its Chief Executive Officer, Defendant Energytec has committed the acts described in paragraph 26 above against the Plaintiff in this action.

28. Because of such admission, Defendant Energytec is therefore liable to Plaintiff Jomar on such a theory of judicial admission, and accordingly, the Defendants are liable for the same acts and wrongdoings to the Plaintiff based upon theories of control person liability, respondeat superior, and agency for the damages that Plaintiff sustained because of the actions asserted against Defendant Cole in paragraph 26 above.

17

## CAUSE OF ACTION I

Fraud in the Offer or Sale of Securities under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 Thereunder

29. The Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 28 above, and further alleges:

30. The Corporate Defendant, Defendant Cole, and the Officer and Director Defendants, by engaging in the conduct described in the preceding paragraphs above, directly, indirectly, or through persons they controlled, offered to sell or sold unregistered securities, by the use of the means or instruments of transportation or communication in interstate commerce or of the mails and by means of documents and of oral communication, which included untrue statements of material facts or omitted to state material facts necessary in order to make the statement made in light of the circumstances under which they were made, not misleading. Thereafter, the Defendants fraudulently concealed, and continue to conceal, the fraudulent acts and other wrongs committed upon the Plaintiff by the Defendants.

31. By reason of the foregoing, the Corporate Defendant, Defendant Cole, and the Officer and Director Defendants directly, indirectly or through persons they controlled, violated, and are subject to liability under Section 10(b) and Section 20 of the Securities Exchange Act of 1934 [15 U.S.C. §78j(b) and §78t], and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5].

32. The Corporate Defendant, Defendant Cole, and the Officer and Director Defendants, by engaging in the conduct described in the preceding paragraphs above, directly, indirectly, or through persons they controlled, in connection with the purchase or sale of securities, by the use of the means or instrumentalities of interstate commerce, or of the mails, with scienter,

(a)     employed, devised, and perpetrated, schemes or artifices to defraud;

(b)     made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

(c)     engaged in acts, practices or courses of business which operated or would operate as a fraud or deceit on the Plaintiff.

33.  By reason of the foregoing, the Corporate Defendant, Defendant Cole, and the Officer and Director Defendants directly, indirectly or through persons they controlled, violated and are subject to liability under Section10(b) and Section 20 of the Securities Exchange Act of 1934 [15 U.S.C. §78j(b) and §78t], and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5].

## CAUSE OF ACTION II

### Offers and Sales of Securities by Unregistered Brokers

34.  The Plaintiff hereby incorporates by reference all the allegations contained in paragraphs 1 through 33 above, and further alleges:

35.  The Corporate Defendant, Defendant Cole, and the Officer and Director Defendants, engaged in the conduct described in the preceding paragraphs above, directly, indirectly, or through persons they controlled, by the use of the means or instrumentalities of interstate commerce, or of the mails, induced, attempted to induce, or sold securities, or sold securities through their control of, brokers not registered pursuant to Section 15 of the Securities Exchange Act of 1934, as amended [15 U.S.C. §78o].

36.  By reason of the foregoing, the Corporate Defendant and the Officer and Director Defendants directly, indirectly, or through persons they controlled, violated, and are subject to

liability under Section 15 and Section 20 of the Securities Exchange Act of 1934, as amended [15 U.S.C. §78o and §78t].

CAUSE OF ACTION III

Violation of the Registration Provisions of the Connecticut Uniform Securities Act

37.  The Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 36 above, and further alleges:

38.  The investment opportunity set forth in the preceding paragraphs above constitutes a "security" under the Connecticut Uniform Securities Act §36b-3(17).

39.  Section 36b-16(a) of the Connecticut Uniform Securities Act provides that "[N]o person shall offer or sell any security in this state unless (1) it is registered under sections 36b-2 to 36b-33, inclusive, (2) the security or transaction is exempted under section 36b-21, or (3) the security is a covered security provided such person complies with any applicable requirements in subsections (c), (d) and (e) of section 36b-21."

40.  The securities were not registered pursuant to sections 36b-2 to 36b-33, inclusive, of the Connecticut Uniform Securities Act prior to the offer and sale of the securities by the Corporate Defendant and the Officer and Director Defendants, or their agents, to the Plaintiff.  The securities were not exempt from registration pursuant to Section 36b-16(a)(2) of the Connecticut Uniform Securities Act, nor were they covered securities pursuant to Section 36b-16(a)(3) of the Connecticut Uniform Securities Act.

41.  Because of the foregoing, the Corporate Defendant and the Officer and Director Defendants are liable to the Plaintiff pursuant to §36b-29 of the Connecticut Uniform Securities Act.

20

CAUSE OF ACTION IV

Violations of the Anti–Fraud Provisions of the Connecticut Uniform Securities Act

42. The Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 41, and further alleges:

43. Section 36b-4(a) of the Connecticut Uniform Securities Act provides that "[N]o person shall, in connection with the offer, sale or purchase of any security, directly or indirectly: (1) Employ any device, scheme or artifice to defraud; (2) make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, or (3) engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, or course of business which operates or would operate as a fraud or deceit upon any person."

44. The allegations as set forth and described in the preceding paragraphs above detail the various material misrepresentations, omissions, and practices employed by the Corporate Defendant, Defendant Cole, and the Officer and Director Defendants and their agents. The Corporate Defendant, Defendant Cole, and Officer and Director Defendants directly or indirectly violated the anti-fraud provisions of §36b-4(a) of the Connecticut Uniform Securities Act.

45. Because of the foregoing, the Corporate Defendant, Defendant Cole, and the Officer and Director Defendants are liable to the Plaintiff pursuant to §36b-29 of the Connecticut Uniform Securities Act.

CAUSE OF ACTION V

Violations of the Broker Registration Requirements of the Connecticut Uniform Securities Act

46. The Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1

through 45, and further alleges:

47.  Section 36b-6(a) of the Connecticut Uniform Securities Act provides that "[N]o person shall transact business in this state as a broker-dealer unless such person is registered under sections 36b-2 to 36b-33, inclusive."

48.  Section 36b-6(b) of the Connecticut Uniform Securities Act provides that "[N]o issuer shall employ an agent unless such agent is registered under sections 36b-2 to 36b-33, inclusive. No broker-dealer shall employ an agent unless such agent is (1) registered under sections 36b-2 to 36b-33, inclusive, or (2) an associated person who represents a broker-dealer in effecting transactions described in subdivisions (2) and (3) of Section 15(h) of the Securities Exchange Act of 1934."

49.  Neither the Corporate Defendant, Defendant Cole, nor the Officer and Director Defendants were registered as broker-dealers or representatives pursuant to Sections 36b-2 to 36b-33, inclusive, of the Connecticut Uniform Securities Act prior to, or during, the offer and sale of the securities by the Corporate Defendant and the Officer and Director Defendants, or their agents, to the Plaintiff.  Furthermore, the agents used by the Corporate Defendant, Defendant Cole, and the Officer and Director Defendants to sell securities to the Plaintiff were not registered pursuant to Sections 36b-2 to 36b-33, inclusive, of the Connecticut Uniform Securities Act prior to, or during, the offer and sale of the securities by the Corporate Defendant and the Officer and Director Defendants, or their agents, to the Plaintiff, and, such agents were paid substantial commissions for their sales of Defendant Energytec's securities.

50.  Because of the foregoing, the Corporate Defendant and the Officer and Director Defendants violated, and are subject to liability under Sections 36b-6(a) and (b) of the Connecticut Uniform Securities Act.

CAUSE OF ACTION VI

Connecticut Common Law Fraud

51. The Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 50 above, and further alleges:

52. The Corporate Defendant, Defendant Cole, and the Officer and Director Defendants induced the Plaintiff to enter into their investment opportunity by making the misrepresentations and omissions concerning material facts regarding the nature and risks of the investment opportunity, as described in the preceding paragraphs above, and, therefore, directly caused the Plaintiff to suffer monetary damages as a result of its reliance on such misrepresentations and omissions.

53. Furthermore, the Corporate Defendant, Defendant Cole, and the Officer and Director Defendants, by disclosing certain information and making certain statements concerning Income Program 225, including, upon information and belief, misleading and false public information filed with the United States Securities and Exchange Commission in its annual and quarterly reports, assumed an obligation to provide all additional necessary information in order to make the information provided not misleading under the circumstances. Neither the Corporate Defendant, Defendant Cole, the Officer and Director Defendants, or their agents made such additional and complete representations to the Plaintiff and, therefore, have committed fraud by misrepresentation and by omission pursuant to Connecticut law.

54. Furthermore, the Corporate Defendant, Defendant Cole, and the Officer and Director Defendants, through the use of misleading materials, and through the use of the interstate telephone system and a coordinated scheme to provide false and misleading oral information to the investors, to conceal their fraudulent activities and fraudulent acts committed upon the Plaintiff by the

Defendants, and lulled the Plaintiff into believing that its investments were secure or that the Plaintiff would receive a rescission or refund of its investment.

55. The Corporate Defendant, Defendant Cole, and the Officer and Director Defendants have thus committed common law fraud pursuant to the laws of the State of Connecticut.

CAUSE OF ACTION VII

Breach of Contract

56. The Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 55 above, and further alleges:

57. The Plaintiff and the Corporate Defendant and the Officer and Director Defendants entered into an investment contract, the Purchase Agreement, whereby the Plaintiff promised to provide funds, and such Defendants promised to use those funds to: (i) acquire and transfer working interests in certain oil wells to the Plaintiff; (ii) operate such oil wells to a point where the wells would become producing oil wells; and (iii) sell the oil to consumers and pass on a percentage of the profits of those sales, based on the Plaintiff's percentage of ownership in such wells, to the Plaintiff.

58. The Plaintiff fulfilled all of the obligations incumbent on the Plaintiff pursuant to the terms of the contract.

59. The Corporate Defendant and the Officer and Director Defendants have not: (i) acquired or transferred working interests in the Income Program 225 oil wells to the Plaintiff; (ii) did not operate such wells to a point where the wells are operating or producing oil, and (iii) did not sell any produced oil or provide the Plaintiff with their contractual terms of return on their investments, and have committed other acts in breach of their contract with the Plaintiff.

24

60. Therefore, such Defendants have breached their contract with the Plaintiff pursuant to the laws of the State of Connecticut.

## CAUSE OF ACTION VIII

### Conversion

61. The Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 60 above, and further alleges:

62. The Corporate Defendant, Defendant Cole, and the Officer and Director Defendants came into possession of certain funds which belonged to the Plaintiff and were to be used for certain specific purposes.

63. Without the authority to do so, such Defendants misdirected, converted, and took exclusive and hostile possession of those funds, including the acts described in the preceding paragraphs above, contrary to their proper use and contrary to the rights of the Plaintiff in those funds. Such Defendants continue to convert the Plaintiff's funds to the hostile exclusion of the Plaintiff.

64. Therefore, the Defendants have converted the Plaintiff's funds pursuant to the laws of the State of Connecticut.

## CAUSE OF ACTION IX

### Control Person Liability

65. The Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 64 above, and further alleges:

66. Under Section 20 of the Securities Exchange Act [15 U.S.C. §78t], Section 36b-29 of the Connecticut Uniform Securities Act, and the common law principles of respondeat superior and

agency, the Corporate Defendant and the Officer and Director Defendants were "control" persons over the conduct described in the preceding paragraphs above.

67.    Pursuant to each of the statutes and legal theories described in paragraph 66, the Corporate Defendant and the Officer and Director Defendants, as individuals, are liable, as control persons, for the wrongs committed against the Plaintiff, as described in each cause of action alleged herein, committed by the Corporate Defendant and any and all agents of the Defendants in committing such wrongs against the Plaintiff.

<u>RELIEF REQUESTED</u>

WHEREFORE, the Plaintiff requests that this Court enter judgment in its favor and against all of the named Defendants, jointly and severally, and award to the Plaintiff:

(a)    actual damages, including prejudgment interest;

(b)    rescission of the purchase of Units in Income Program 225;

(c)    damages for loss of the benefit of the bargain;

(d)    recovery of the total amount invested plus interest from the date of investment, as required by §36b-29 of the Connecticut Uniform Securities Act;

(e)    punitive damages of $1,000,000;

(f)    attorneys' fees and costs, as provided in §36b-29 of the Connecticut Uniform Securities Act, and as otherwise provided by law; and

(g)    all other such relief as is deemed proper, necessary, legal and equitable pursuant to the laws of the State of Connecticut and the laws of the United States in order to compensate the Plaintiff for the damages suffered at the hands of all or any of the Defendants, jointly and severally

JURY TRIAL REQUESTED
ATTORNEYS' LIEN CLAIMED

Dated: October 23, 2007

Respectfully submitted,

**GLAST, PHILLIPS & MURRAY, P.C.**

By: _____

**J. RANDAL BROWN**
State Bar No. 24009812
2200 One Galleria Tower
13355 Noel Road, LB 48
Dallas, Texas 75240-1518
(972) 419-8300 (Telephone)
(972) 419-8329 (Fax)

ATTORNEY FOR PLAINTIFF

JS 44 (Rev. 10/06)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

ORIGINAL

RECEIVED
OCT 2 3 2007
CLERK, U.S. DISTRICT COURT

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Jomar Oil LLC | Energytec, Inc. et al. |

| (b) County of Residence of First Listed Plaintiff __Middlesex County, CT__ | County of Residence of First Listed Defendant __Collin County, TX__ |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number) Glast, Phillips & Murray, P.C., 2200 Galleria Tower, 13355 Noel, LB 48, Dallas, TX 75240-1518 Telephone: (972) 419-8300 | Attorneys (If Known) Unknown |
|---|---|

3-07CV1782-L

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | PERSONAL PROPERTY | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | LABOR | ☐ 861 HIA (1395ff) | ☒ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | FEDERAL TAX SUITS | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | 26 USC 7609 | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

## VI. CAUSE OF ACTION

Brief description of cause: The Securities Act of 1934, 15 USC 78a et seq. securities fraud, failure to register

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 1,000,000   CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED
(See instructions): JUDGE _____   DOCKET NUMBER _____

DATE __October 22, 2007__   SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44a Reverse  (Rev. 10/06)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

     **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

     **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.      **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.      **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.      **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.      **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**      Example:    U.S. Civil Statute: 47 USC 553
                               Brief Description: Unauthorized reception of cable service

VII.      **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.      **Related Cases.** This section of the JS 44 is used to reference cases that are related to this filing, if any. **If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases.** A case is "related" to this filing if the case: (1) involves some or all of the same parties and is based on the same or similar claim; (2) involves the same property, transaction, or event; (3) involves substantially similar issues of law and fact; and/or (4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.