IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOMAR OIL, LLC, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-1782-L |
| | § | ECF |
| ENERGYTEC INC., FRANK W COLE | § | |
| individually and d/b/a FRANK W COLE | § | |
| ENGINEERING, DON LAMBERT, | § | |
| DOROTHEA KREMPEIN, PAUL | § | |
| WILLINGHAM, ERIC BREWSTER, | § | |
| BEN T. BENEDUM, B. CHARLES | § | |
| SPRADLIN and MASSOUD | § | |
| METGHALCHI, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| RAYMOND J. VULA and JOHN J. | § | |
| PETITO, | § | |
| | § | |
| Third-Party Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Third-Party Defendant Raymond J. Vula's Motion to Dismiss Amended Third-Party Complaint, filed October 9, 2008. After careful consideration of the motion, response, reply, record, and applicable law, the court **denies** Third-Party Defendant Raymond J. Vula's Motion to Dismiss Amended Third-Party Complaint.

### I.    Procedural and Factual Background

The facts underlying this action stem from a "Ponzi-like" investment scheme that is the subject of another suit pending before this court. *See Energytec v. Proctor*, Civil Action No. 3:06-CV-871-L.  On May 12, 2006, Energytec, Inc. ("Energytec") brought a securities fraud action

against a group of its former executives and brokers, including Raymond J. Vula ("Mr. Vula") and John J. Petito ("Mr. Petito").  Energytec alleges that the group perpetrated a scheme to fraudulently elicit investments in Energytec and its subsidiaries in order to artificially inflate the value of Energytec securities and procure unauthorized and unlawful commission payments.  Among the practices allegedly involved in the overall scheme was a plan hatched by Mr. Petito, a certified public accountant recruited by Mr. Vula, in which unaccredited, individual investors were wrongfully solicited to purchase Energytec stock by investing in various limited liability companies, thereby circumventing securities laws.

The instant consolidated action arises from claims brought by some of these limited liability companies.  On October 23, 2007, Jomar Oil, LLC ("Jomar") filed its complaint against Energytec, Frank W. Cole, individually and d/b/a Frank W. Cole Engineering, Don Lambert, Dorothea Krempein, Paul Willingham, Eric Brewster, Ben T. Benedum, B. Charles Spradlin, and Massoud Metghalchi ("Defendants").  Jomar asserts federal and state securities fraud and state law claims against Defendants.  After Jomar filed its complaint, other limited liability companies and individuals filed sixteen additional civil actions asserting similar claims against Defendants.  The court consolidated the seventeen actions on March 25, 2008.

In response to this consolidated action, Energytec, Krempein, Willingham, Brewster, Benedum, Spradlin, and Metghalchi ("Third-Party Plaintiffs") filed third-party claims against Mr. Vula and Mr. Petito ("Third-Party Defendants").  They filed their live pleading, the Company Defendants' Amended Third-Party Complaint ("Third-Party Complaint") on October 1, 2008.  Third-Party Plaintiffs allege that  "Mr. Vula and Mr. Petito [were] responsible for any false or misleading information they may have communicated to Plaintiffs in order to induce Plaintiffs to

**Memorandum Opinion and Order - Page 2**

purchase Energytec securities [and] working interests."   Third-Party Compl. ¶ 6.  Third-Party

Plaintiffs seek indemnification from Mr. Vula and Mr. Petito for any damages that might be awarded

Plaintiffs in this action.   In addition to the claims of the Third-Party Plaintiffs collectively,

Energytec, individually, seeks the rescission of any agreements with Mr. Vula and Mr. Petitio

related to sales of Energytec stocks and working interests to Plaintiffs and reimbursement of all

commissions paid in relation to these sales, pursuant to Sections 15(a) and 29(b) of the Securities

Exchange Act.  *Id*. ¶ 19.  On October 9, 2008, Third-Party Defendant Mr. Vula filed his Motion to

Dismiss Amended Third-Party Complaint.[1]

## II.     Standard for Dismissal Pursuant to Rule 12(b)(6)

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517

F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir.

2007).  While a complaint need not contain detailed factual allegations, it must set forth "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be

enough to raise a right to relief above the speculative level . . . on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)."  *Id.*  (quotation marks, citations, and

footnote omitted).

---

[1]Third-Party Plaintiff Mr. Petito was served with the Company Defendants' Third-Party Complaint on August 21, 2008.  He has neither answered nor filed a motion to dismiss.  The court **directs** Third-Party Plaintiffs to seek entry of default against Mr. Petito and to file a motion for default judgment against Mr. Petito no later than **July 27, 2009.**

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## III.    Discussion

Mr. Vula's first contention is that the Third-Party Complaint should be dismissed pursuant to the "first to file" rule because the instant claims are duplicative of claims made in the 2006 case.

Mr. Vula also asserts that Third-Party Plaintiffs' indemnity claim has not been pleaded sufficiently because they have not identified the substantive basis of their claim.[2]

### A.   "First to File" Rule

Mr. Vula argues that the Third-Party Complaint should be dismissed as duplicative pursuant to the "first to file" rule, which allows a court discretion to stay, transfer, or dismiss cases that are substantially similar to cases pending in other federal courts. Third-Party Plaintiffs respond that the rule does not apply to third-party claims because a third-party plaintiff, originally in the case as a defendant, does not choose the forum and cannot engage in forum shopping.

As articulated by the Supreme Court, when deciding whether to hear a case occurring contemporaneously with a similar case in another federal court, the general principle guiding the court is the avoidance of duplicative litigation. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976). Also of primary concern is "to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Save Power Ltd. v. Synteck Fin. Corp,* 121 F.3d 947, 950 (5th Cir. 1997); *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-9 (5th Cir. 1985).

The Fifth Circuit has held that "[t]o avoid these ills, a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court." *West Gulf,* 751 F.2d at 729. The aim of the "first to file" rule, however, is not for the court invoking the rule to dismiss the claim, but rather for that court to transfer the case to the first-filing

---

[2]Mr. Vula raised a third argument in his motion to dismiss regarding the Section 15(a) claims of the individual Third-Party Plaintiffs. This argument, however, was withdrawn in his Reply and therefore will not be addressed by the court.

court "to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power,* 121 F.3d at 950; *see also West Gulf,* 751 F.2d at 729 n.1.

All of the claims in this case and the 2006 case were filed in the same federal district and division and are now pending in this court.  There is therefore no risk of piecemeal litigation or inconsistent results, which the rule was designed to prevent.  Even if the rule were to apply to third-party claims generally, the purposes of the "first to file" doctrine provide no basis to dismiss or transfer the claims in this case.

In the 2006 case, Energytec seeks damages from the group of its former executives and brokers. Neither the indemnification claim brought collectively by all Third-Party Plaintiffs nor Energytec's individual claim, seeking rescission of contracts and repayment of commissions paid to Mr. Vula and Mr. Petito, would necessarily be decided by the adjudication of the 2006 case.  For this reason, the claims contained in the Third-Party Complaint are not duplicative and should not be dismissed on those grounds.  The court therefore determines that the "first to file" rule does not bar the Third-Party Complaint.

### B.      Sufficiency of Indemnity Claim

Mr. Vula further contends the Third-Party Plaintiffs' contribution and indemnity claims should be dismissed because "Third-Party Plaintiffs have not pled a substantive right to recover." Mot. to Dismiss 5.  In response, Third-Party Plaintiffs argue that the allegations contained in their Third-Party Complaint comply with federal pleading requirements and are sufficient to defeat a motion to dismiss.

A complaint will not be deemed inadequate unless "it fails to provide notice of the circumstances which give rise to the claim, or fails to set forth sufficient information to outline the

elements of the claim or permit inferences to be drawn that these elements exist." *General Star Indem. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946, 950 (5th Cir. 1999); *see also* Fed. R. Civ. P. 8(a). "To survive a Rule 12(b)(6) motion, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.'" *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 206 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 570).

Mr. Vula contends that Third-Party Plaintiffs' assertion that they are legally entitled to indemnity is conclusory and that the indemnity claim should therefore be dismissed pursuant to Rule 12(b)(6). If the only factual allegation contained in the Third-Party Complaint were that Third-Party Plaintiffs are entitled to relief, Mr. Vula's contention on these grounds might be well founded. This is not the case, however, as the Third-Party Complaint alleges that Mr. Vula is liable for multiple violations of securities and tort law for which Third-Party Plaintiffs may be held constructively responsible. *See* Third-Party Compl. ¶¶ 5-12. These are factual allegations upon which a plausible indemnity claim could be based.

Mr. Vula further contends that *Twombly* requires Third-Party Plaintiffs to "specify the applicable substantive law . . . supporting an entitlement to relief." Reply ¶ 3. While *Twombly* does hold that a Plaintiff is "obliged to provide the grounds of his entitlement to relief," as it is used, "grounds" only refers to the factual circumstances that may or may not give rise to a valid legal claim, not the actual substantive law under which the claim for relief is made. *Twombly,* 550 U.S. at 555. ("Factual allegations must be enough to raise the right to relief above the speculative level."). The twofold purpose of Rule 8 of the Federal Rules of Civil Procedure is to require plaintiffs to provide enough facts to give the responding party adequate notice of the circumstances believed to give rise to a claim and to ensure that the plaintiff could possibly be entitled to relief,

so as to avoid entertaining baseless suits.  *See id.* at 556 n.3.  To dismiss the Third-Party Complaint because Third-Party Plaintiffs have failed to expressly specify the substantive law under which they seek relief would be to hold them to a higher pleading standard than that required by law.  The factual allegations contained in the Third-Party Complaint are sufficient to meet the burden set forth in *Twombly* and to defeat a Rule 12(b)(6) motion.  Accordingly, the court determines that dismissal of the indemnity and contribution claims is unwarranted.

## IV.    Conclusion

For the reasons stated herein, the court **denies** Third-Party Defendant Raymond J. Vula's Motion to Dismiss Amended Third-Party Complaint.

**It is so ordered** this 26th day of June, 2009.


                                                    Sam A. Lindsay
                                                    United States District Judge