IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOMAR OIL LLC, et al.**, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| **ENERGYTEC INC., et al.**, | § | Civil Action No. **3:07-CV-1782-L** |
| | § | |
| Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| **RAYMOND J. VULA and JOHN J.** | § | |
| **PETITO**, | § | |
| | § | |
| Third-Party Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Frank W Cole's Motion to Dismiss Consolidated Complaint,

filed December 19, 2008.  After carefully considering the motion, response, record, and applicable

law, the court **denies** Defendant Frank W Cole's Motion to Dismiss Consolidated Complaint.

## I.      Factual and Procedural History

This consolidated action began as a case filed on October 23, 2007, by Jomar Oil LLC

("Jomar") against Defendants Energytec, Inc. ("Energytec"), Frank W Cole d/b/a Frank W Cole

Engineering ("Cole"), Don Lambert ("Lambert"), Dorothea Krempein ("Krempein"), Paul

Willingham ("Willingham"), Eric Brewster ("Brewster"), Ben T. Benedum ("Benedum"), B. Charles

Spradlin ("Spradlin"), and Massoud Metghalchi ("Metghalchi") (collectively, "Defendants"). Jomar

asserted claims of violation of section 10(b) of the Securities Exchange Act and Rule 10b-5

thereunder; offers and sales of securities by unregistered brokers; violations of the registration

**Memorandum Opinion and Order – Page 1**

provisions, antifraud provisions, and broker registration requirements of the Connecticut Uniform

Securities Act; Connecticut common law fraud; breach of contract; conversion; and control person

liability pursuant to section 20 of the Securities Exchange Act.  These claims arise from an alleged

scheme to defraud investors involving the offer and sale of unregistered securities, namely, working

interests in an oil investment scheme called "Income Program 225," which consisted of oil and gas

leases owned by Energytec.

After Jomar filed its complaint, sixteen similar actions were filed by other limited liability

corporations and individuals who had invested in similar working interests sold by Energytec.  The

court consolidated all of the actions on March 25, 2008.  The consolidated Plaintiffs (hereinafter,

"Plaintiffs") filed a Consolidated Complaint on June 2, 2008.  They amended and filed their

Amended Consolidated Complaint on June 10, 2008.  Plaintiffs then moved to join additional parties

as plaintiffs, and the court granted the motion.  The live pleading, the Consolidated Complaint

(hereinafter, "Complaint"),  was filed on November 17, 2008.  The court now considers the

allegations made in the Complaint, and specifically looks to the allegations made by Plaintiffs

against Defendant Cole.

### A.      General Allegations

Plaintiffs allege that Energytec (referred to throughout the Complaint as the "Corporate

Defendant") operated a Ponzi scheme to defraud investors.  They contend that it offered and sold

unregistered securities through unregistered broker-dealers in violation of state and federal securities

laws.  They contend that to induce Plaintiffs to invest, Energytec made false and misleading

statements and filed misleading reports with the United States Securities and Exchange Commission

("SEC"), concealed its actions, unlawfully converted Plaintiffs' funds, and breached its contracts with them.

Specifically, Plaintiffs allege that Energytec filed a Form D Notice of Sale of Securities with the SEC on May 2, 2005, relating to its Income Program oil well working interest securities. They further allege that this filing, signed by Cole as Energytec CEO, stated that it would only sell such securities to "accredited" investors and that no commissions would be paid to individuals soliciting purchasers.

According to Plaintiffs, Energytec created 250 Income Programs, each of which contained oil well working interests. Energytec also created "Evaluation Reports" and "Purchase Agreements" for each Income Program. Plaintiffs contend that the Evaluation Reports were prepared for Energytec by Frank W Cole Engineering and were offered to investors in connection with the sale of Income Program securities. The Purchase Agreements provided the terms of the investment and were also offered to investors in connection with the sale of the securities. Plaintiffs allege that the Purchase Agreements and the Evaluation Reports contained material misrepresentations, including what interests Plaintiffs were purchasing, the amount and length of monthly investment returns, and that Plaintiffs would be provided assignments of record relating to the oil well interests purchased through the Income Programs. Plaintiffs further allege that the documents contained material omissions as well, because Energytec did not disclose the prior criminal conviction of a corporate officer, the resignation of a corporate officer's law license in lieu of disciplinary action, and that the monthly payments were "advance payments" that would later be recouped by Energytec.

### B.     Specific Allegations Against Cole

Plaintiffs allege that Cole held various positions at Energytec, including chairman of the board of directors, chief executive officer, and chief financial officer.  They further allege that he was the owner and operator of Cole Engineering  and the sole owner of Frank W Cole Engineering. They allege that as chief executive officer of Energytec, he signed a Form D Notice of Sale of Securities on May 2, 2005, which stated that the company would only sell Income Program securities to accredited investors and that no commissions would be paid in connection with such sales.  They contend that Cole knew these statements were false.  Plaintiffs also point to Energytec's 2005 10K Report that states that Cole made false representations to the board regarding the sale of these securities.

Plaintiffs allege that Cole has extensive experience and education in the oil and gas industry, and given this experience, his misrepresentations regarding these securities were knowingly false or made recklessly.  They also allege that Cole knew that Lambert had resigned his law license in lieu of disciplinary action, but that he did not disclose this fact in the offering documents.  They contend that Cole knew that certain well interests were subject to existing bank debt when they were sold.  Plaintiffs point to a December 2004 memorandum, which they allege was written in part by Defendant Cole, who stated that he knew that the Income Programs would never pay out and that this should never be discussed.

Plaintiffs also allege that Energytec had an oil spill on one of its oil fields that caused production delays and increased costs and that Cole withheld information about this oil spill in the Evaluation Reports and Purchase Agreements.  They contend that Cole stated that Energytec did not provide tax information to the purchasers of working interests, but that the Evaluation Reports

contained information about tax benefits.  Finally, Plaintiffs also point to allegations made against

Cole in the Energytec Form 10K filed July 21, 2006, and the pending civil action, *Energytec v.*

*Proctor, et al.*, 3:06-CV-0871-L.

## II.  Legal Standards

### A.   Rule 12(b)(6) – Failure to State a Claim

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517

F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir.

2007).  While a complaint need not contain detailed factual allegations, it must set forth "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be

enough to raise a right to relief above the speculative level . . . on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)."  *Id.*  (quotation marks, citations, and

footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the

complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm*

*Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area*

*Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*,

197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  The pleadings include the

complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496,

498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

**B.    The Particularity Requirements of Rule 9(b) and Scienter**

In pleading a securities fraud violation, a plaintiff must satisfy the requirements of Rule 9(b) of the Federal Rules of Civil Procedure, which provides that:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Rule 9(b) requires "a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.,* 302 F.3d 552, 564-65 (5th Cir. 2002) (quotations omitted). A dismissal for failure to satisfy the requirements of Rule 9(b) is a dismissal on the pleadings for failure to state a claim pursuant to Rule 12(b)(6). *United States*

*ex rel. Russell v. Epic Healthcare Mgmt. Group,* 193 F.3d 304, 308 (5th Cir. 1999) (citing *Shushany*

*v. Allwaste, Inc.* 992 F.2d 517, 520 (5th  Cir. 1993)).

A plaintiff pleading a securities fraud violation must also adequately allege scienter which,

in relation to securities fraud, is "the intent to deceive, manipulate, or defraud." *Ernst & Ernst v.*

*Hochfelder*, 425 U.S. 185, 193-94 (1976); *Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 546

(5th Cir. 2001); *Trust Co. of La. v. N.N.P. Inc.*, 104 F.3d 1478, 1490 (5th Cir. 1997).  Scienter may

be satisfied by proof that the defendant acted with severe recklessness.  *Shushany*, 992 F.2d at 521.

Strict intentional misconduct is not necessary; it is sufficient to prove that the conduct in question

is an "extreme departure from the ordinary standards of care." *Trust Co. of La.*, 104 F.3d at 1490.

"To plead scienter adequately, a plaintiff must set forth specific facts that support an inference of

fraud."  *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994).  Under

*Tuchman*:

> The factual background adequate for an inference of fraudulent intent
> can be satisfied by alleging facts that show a defendant's motive to
> commit securities fraud.  Where a defendant's motive is not apparent,
> a plaintiff may adequately plead scienter by identifying
> circumstances that indicate conscious behavior on the part of the
> defendant, though the strength of the circumstantial allegations must
> be correspondingly greater.

*Id.*

Likewise, the Private Securities Litigation Reform Act ("PSLRA") requires that:

> the complaint [. . .] specify each statement alleged to have been
> misleading, the reason or reasons why the statement is misleading,
> and, if an allegation regarding the statement or omission is made on
> information and belief, the complaint shall state with particularity all
> facts on which that belief is formed.

**Memorandum Opinion and Order – Page 7**

15 U.S.C. § 78u-4(b)(1).  In *Nathenson v. Zonagen Inc.*, 267 F.3d 400 (5th Cir. 2002), the Fifth

Circuit stated:

> The effect of the PSLRA in this respect is to, *at a minimum*, incorporate the standard for pleading fraud under Fed. R. Civ. P. 9(b). This statutory language appears to comport with this Court's relatively strict interpretation of Rule 9(b), which requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.

*Id*. at 412 (emphasis in original) (internal quotation marks and citations omitted).  Thus, to satisfy

Rule 9(b) and the PSLRA, a plaintiff must plead facts and avoid reliance on conclusory allegations.

*Tuchman*, 14 F.3d at 1067; *Coates v. Heartland Wireless Commc'ns, Inc.*, 26 F. Supp. 2d 910, 915

(N.D. Tex. 1998).

When an allegation regarding an allegedly false or misleading statement is made on

information and belief, the "the complaint shall state with particularity all facts on which that belief

is formed." 15 U.S.C. § 78u-4(b)(1).  If a complaint fails to satisfy the pleading requirements of the

PSLRA or Rule 9(b), the complaint must be dismissed.  *ABC Arbitrage Pls.' Group v. Tchuruk*, 291

F.3d 336, 350 (5th Cir. 2002); *Nathenson*, 267 F.3d at 412-13.

## III.    Analysis

Cole moves to dismiss the claims against him and argues that Plaintiffs fail to meet various

pleading standards, that the court should dismiss Plaintiffs' control person liability claims, and that

the court should decline to exercise supplemental jurisdiction over their state law claims.   In

response, Plaintiffs contend that they have adequately pleaded their claims against Cole.

A.     **Adequacy of Plaintiffs' Pleadings**

1.     **Rule 9(b) and the PSLRA**

Cole argues that Plaintiffs have failed to meet the particularity standards set forth in Rule 9(b) of the Federal Rules of Civil Procedure and the PSLRA with respect to their fraud claims against him.   He contends that Plaintiffs have not specified the statements that are allegedly fraudulent, specified that he was the speaker, state when and where the statements were made, or explained how the statements were fraudulent.   He further contends that Plaintiffs' reliance upon statements made in the Evaluation Reports, Purchase Agreements, and SEC filings fail to tie these statements to him.   He argues that even if they have alleged his authorship, they must still plead allegations to raise a strong inference of scienter, which they have failed to do.   Cole also argues that Plaintiffs' allegations of his intent are conclusory.   He asserts that allegations of acts and omissions that occurred after March 18, 2006, cannot be attributed to him because that was the date on which he was removed as an officer and director of Energytec.   Finally, Cole argues that Plaintiffs' claims against him are substantially similar to claims brought by him against Energytec in civil action 3:06-CV-0871-L, and he argues that these claims "should dissolve any notion of a culpable state of mind on the part of Cole."

Plaintiffs respond that the Complaint meets the particularity standards of both Rule 9(b) and the PSLRA.   They contend that they have identified Cole as the author and preparer of the Evaluation Reports that were part of the offering materials for the Income Program securities.   They point to the specific allegations regarding the false and misleading statements made to each Plaintiff in the offering materials.   Plaintiffs assert that they have pleaded when and where the statements

were made.  Finally, they contend that the allegations in the Complaint show how and why the statements made were false and misleading.

The court finds that Plaintiffs have satisfied the pleading burdens of Rule 9(b) and the PSLRA.  Plaintiffs specifically identified misleading statements in the offering documents for each of the Income Programs, including statements that were made while Cole was employed at Energytec.  They allege that he wrote the Evaluation Reports.  Further, the court finds that Plaintiffs have not only pleaded allegations against Cole based upon his position or as part of a group; they allege that he individually was the author of the Evaluation Reports and they have pleaded facts to support the inference that he knew certain statements were false and should be omitted from the Income Program offering papers.  The court determines that Plaintiffs have sufficiently pleaded facts to support an inference that Cole individually was responsible for false statements or omissions that were material:

> [C]orporate documents that have no stated author or statements within documents not attributed to any individual may be charged to one or more corporate officers provided specific factual allegations link the individual to the statement at issue.  Such specific facts tying a corporate officer to a statement would include a signature on the document or particular factual allegations explaining the individual's involvement in the formation of either the entire document, or that specific portion of the document, containing the statement.

*Southland Securities Corp. v. INSpire Ins. Solutions*, 365 F.3d 353, 365 (5th Cir. 2004).  In this case, not only is Cole alleged to be the author of the Evaluation Reports, but Plaintiffs have pleaded facts that tie him to the Purchase Agreements and certain SEC filings.  Given the specific allegations against Cole, the court does not believe that his pending claims against Energytec in another civil action affect the court's determination that Plaintiffs have adequately pleaded claims against him.

**Memorandum Opinion and Order – Page 10**

Accordingly, the court finds that the Complaint meets the pleading standards of Rule 9(b) and the PSLRA.

### 2.      Group Pleading

Next, Cole argues that Plaintiffs' pleadings are deficient because they engage in improper group pleading, alleging that he should be liable for the acts of others.  He contends that Plaintiffs have simply described his position at Energytec and that they have failed to make specific allegations against him.   Plaintiffs respond that they have pleaded with particularity the misrepresentations and omissions that are attributable to Cole and that they have done more than simply state his positions at Energytec.

The court, for the reasons outlined above, finds that Plaintiffs have done more than rely on group pleading in making their allegations against Cole.  They point to Cole's authorship of the Evaluation Reports, as well as specific facts to support an inference that he knew that he was making misrepresentations and omissions in the offering papers.  Accordingly, the court finds that Plaintiffs have not impermissibly relied upon group pleading in their allegations against Cole.

### 3.      Positional Scienter

Next, Cole argues that Plaintiffs' allegations of scienter against him rely upon his former position with Energytec, and are therefore "positional scienter," which cannot support an inference of scienter.  He further argues that without sufficient allegations of scienter, Plaintiffs cannot rely on insinuations of motive and opportunity.  Plaintiffs respond that they have adequately alleged scienter with respect to Cole and point to the misrepresentations and omissions they allege were made by him in the Evaluation Programs as well as an internal memorandum written by him that

shows that he was aware that the Income Programs would never pay out and that he actively tried to conceal this knowledge.

The court finds that Plaintiffs plead more than "positional scienter" with respect to Cole; they have alleged specific misrepresentations and omissions made by Cole, and the December 2004 memorandum is sufficient to infer scienter on the part of this Defendant.  Plaintiffs have alleged that Cole knew that the Income Programs would not pay out and that he tried to actively conceal this information from investors while representing to them that they would make large monthly returns from the working interests.  The court determines therefore that Plaintiffs have adequately pleaded the requisite scienter with respect to Cole.

### 4.      Loss Causation

Cole also argues that Plaintiffs have failed to allege a causal connection between a material misrepresentation and any loss.  Plaintiffs respond that they have pleaded that the misrepresentations and omissions in the Evaluation Reports led them to invest in the Income Programs.  They further respond that they allege that they relied upon the Evaluation Reports when deciding to invest in the Income Programs.  The court determines that Plaintiffs have sufficiently pleaded a connection between the misrepresentations and omissions made by Cole and their losses.  Accordingly, Plaintiffs have pleaded loss causation.

### B.      Control Person Liability

Cole also moves to dismiss the control person liability claims brought against him pursuant to section 20 of the Securities Exchange Act of 1934, 15 U.S.C. § 78t.  He contends that Plaintiffs' allegations against Energytec are insufficient to bring such a claim against him and that they have failed to allege that he did not act in good faith.  Plaintiffs respond that there is no good faith or

inducement pleading requirement and that a section 20(a) claim is not subject to the particularity

requirements of Rule 9(b).  They contend that they have adequately pleaded control person liability

with respect to Cole based upon the violations of federal securities law by Energytec and other

Defendants.

> Section 20(a) provides:

>> Every person who, directly or indirectly, controls any person liable
>> under any provision of this chapter or of any rule or regulation
>> thereunder shall also be liable jointly and severally with and to the
>> same extent as such controlled person is liable, unless the controlling
>> person acted in good faith and did not directly or indirectly induce the
>> act or acts constituting the violation or cause of action.

To make out a *prima facie* case of violation of the section, a plaintiff must prove that a defendant

"had actual power or influence over the controlled person" and "induced or participated in the

alleged violation."  *Dennis v. Gen. Imaging, Inc.*, 918 F.2d 496, 509 (5th Cir. 1990).  "Control

person liability is secondary only and cannot exist in the absence of a primary violation."  *Southland*,

365 F.3d at 383 (citation omitted).  Liability is "generally subject to the affirmative defense of lack

of participation and good faith."  *Id.* at 384 n.19 (citation omitted).

Cole argues only that Plaintiffs have failed to plead that he failed to act in good faith or that

he induced the acts constituting the alleged violation.  While he raises these affirmative defenses,

the court finds that Plaintiffs' specific allegations against Cole show that he acted in bad faith and

did induce the underlying securities violations, for example, by his attempts to conceal the fact that

the Income Programs were not likely to produce income for investors.  Accordingly, the court

determines that Plaintiffs have adequately pleaded their section 20(a) claim against him.

**Memorandum Opinion and Order – Page 13**

### C.      State Claims

Finally, Cole argues that the court should decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims if it dismisses the fraud claims against him.  Plaintiffs respond that the court has diversity jurisdiction over these claims pursuant to 28 U.S.C. § 1332 and that Cole has not moved to dismiss their claim against him for violation of section 15 of the Securities and Exchange Act of 1934, 15 U.S.C. § 78o.

Because the court does not dismiss any of the claims against Cole, it need not address this argument.  Even if it had dismissed the federal claims against him, the court does have diversity jurisdiction over Plaintiffs' claims because none of them is a resident of Texas and the amount in controversy exceeds $75,000.  Accordingly, the court rejects this argument.

## IV.    Conclusion

For the reasons stated herein, the court **denies** Defendant Frank W Cole's Motion to Dismiss Consolidated Complaint.

**It is so ordered** this 10th day of July, 2009.

Sam A. Lindsay
United States District Judge